UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

TRUSTEES OF THE OPERATIVE PLASTERERS' AND
CEMENT MASONS' INTERNATIONAL ASSOCIATION
LOCAL 262 WELFARE FUND, ANNUITY FUND,                    Docket No.:
PENSION FUND, and APPRENTICESHIP TRAINING
FUNDS and OPERATIVE PLASTERERS' and CEMENT              Filed:
MASONS' INTERNATIONAL ASSOCIATION, LOCAL 262,

                                                       **COMPLAINT**
                              Plaintiffs,

              -against-

JAL PLASTERING, INC.,

                              Defendant.
--------------------------------------------------------------------------------x

        Plaintiffs Trustees of the Operative Plasterers' and Cement Masons' International

Association Local 262 Welfare Fund, Annuity Fund, Pension Fund, and Apprenticeship Training

Funds (hereinafter "Funds") and Operative Plasterers' and Cement Masons' International

Association, Local 262 (hereinafter "Union"), by their attorneys Barnes, Iaccarino & Shepherd

LLP, allege as follows:

                              **JURISDICTION AND VENUE**

        1.      This action is based on Section 301 of the Labor Management Relations Act of

1947 (hereinafter "Taft-Hartley Act") (29 U.S.C. Section 185) and Sections 502(a)(3) and 515 of

the Employee Retirement Income Security Act, as amended (hereinafter "ERISA") (29 U.S.C.

Sections 1132(a)(3) and 1145).

        2.      Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29

U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1)

and 1132(f)), and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3.     Venue properly lies in this District under Section 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)), Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), and 28 U.S.C. Section 1391(b).

4.     This action is brought by the respective Trustees of the Funds, in their fiduciary capacities, and an Officer of the Union for injunctive relief, monetary damages, and other equitable relief under ERISA and breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to Plaintiffs.

## PARTIES

5.     Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered, multi-employer, labor management trust funds, as defined by Sections 3(21)(A) and 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers, pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures, in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. Section 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1)-(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002(1)-(3) and 1132(d)(1)) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6.     The Funds provide fringe benefits to eligible employees, retirees, and their dependents, on whose behalf the Employer is required to contribute to the Funds, pursuant to the Collective Bargaining Agreement (hereinafter "C.B.A.") between the Employer and Union. The Funds are authorized to collect contributions which include payments for life insurance,

hospitalization, medical care, vacation, annuity, and pension benefits, the Painting Industry Promotion Fund, and Union dues check-off, on behalf of the employees, from the Employers, and Plaintiff Trustees, as fiduciaries of the Funds, are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obliged to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7.      The Funds' principal office is located and administered at 3233 Laconia Avenue, Bronx, NY 10469, County of Bronx.

8.      The Union maintains its office and is administered at 3233 Laconia Avenue, Bronx, NY 10469, County of Bronx.

9.      Upon information and belief, Defendant, JAL PLASTERING, INC. (hereinafter "Employer" or "Defendant"), at all relevant times, was and is an Employer, within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145), and was and still is an Employer in an industry affecting commerce, within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10.     Upon information and belief, the Employer is a corporation, doing business in the State of New York with its principal place of business at 60 Remington Boulevard, Suite B, Ronkonkoma, New York 11779.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11.     The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union and/or was and still is a member of an Employer Association which has a C.B.A. with the Union.

12.     The C.B.A. and/or Trust Indenture and/or Participation agreement requires the Employer to submit contribution reports to Plaintiffs setting forth the hours that each of its employees has worked and the amount of contributions due, pursuant to the rate schedules set forth in the C.B.A., for all work performed by its employees covered by the C.B.A., and to remit such monetary contributions in accordance with the C.B.A. and rules and regulations established in the Trust Indenture.

13.     Upon information and belief, as a result of work performed by the individual employees of the Employer, pursuant to the C.B.A., there became due and owing, to the Funds, from the Employer, contribution reports and fringe benefit contributions.

14.     The Employer has failed, neglected, and refused to remit to the Funds, fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in an amount of $9,904.11 and continuing.

15.     The estimated amount described in paragraph 14, above, include contributions to the Funds, dues to the Union, interest, and $500.00 in attorney fees that are due and owing to the Funds and Union for the period November 1, 2014 to November 30, 2014.

16.     The Employer's failure, neglect, and refusal to remit the proper contributions to Plaintiffs constitutes a violation of the C.B.A. between the Employer and Union, wherein the Funds are third-party beneficiaries.

17.     Pursuant to the C.B.A., all delinquent contributions to the Funds shall bear interest of ten percent (10%) of the delinquency amount per month, attorney fees, liquidated damages of twenty percent (20%), and all reasonable costs, fees, and disbursements incurred in the collection of delinquencies.

18.     Accordingly, the Employer is liable to Plaintiffs for contributions in the amount of $9,904.11 and continuing, plus interest, examination fees, attorney fees, liquidated damages, and reasonable court costs, fees, and disbursements incurred.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs "1" through "18" of this Complaint as if fully set forth herein.

20.     Section 515 of ERISA (29 U.S.C. Section 1145) requires Employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreement and Trust Indentures.

21.     The Employer has failed to pay or timely pay the fringe benefit contributions owed to Plaintiffs as a result of work performed by the individual employees of the Employer. Such failure to make timely payments constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22.     Section 502 of ERISA (29 U.S.C. Section 1132) provides that, upon a finding of an Employer violation of Section 515 of ERISA (29 U.S.C. Section 1145), which requires Employers to pay fringe benefit contributions in accordance with the terms and conditions of Collective Bargaining Agreements, the Court shall award payment to a plaintiff fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due, both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorney fees and costs, fees, and disbursements incurred in the action.

23.     The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds, and has injured the participants and

beneficiaries and other contributing Employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24.     Accordingly, Defendant is liable to Plaintiffs under the C.B.A. and any Trust Indenture concerning the payment of fringe benefit contributions, under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145), due to the failure to pay contributions when they are due.

25.     Accordingly, Defendant is liable to the Funds in the amount of $9,904.11 and continuing, plus interest, examination fees, attorney fees, liquidated damages, and reasonable court costs, fees, and disbursements in this action, pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

26.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs "1" through "25" of this Complaint as if fully set forth herein.

27.     Pursuant to ERISA, the C.B.A., and/or Trust Indenture, Defendant is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

28.     Upon information and belief, Defendant has, in the past, failed to timely submit current benefit fund contributions and reports to Plaintiffs, and is in breach of its statutory obligations under ERISA, the C.B.A., and Trust Indenture.

29.     During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, on all the claims for relief, as follows:

As and For the First and Second Claim for Relief:

(a) In the sum of $9,904.11 and continuing, for work performed for the period November 1, 2014 to November 30, 2014, plus interest calculated at ten percent (10%) of the delinquency amount per month from the date of the delinquency, and liquidated damages calculated at twenty percent (20%) of principal amount due;

(b) Attorney fees, examination fees, and court costs, fees, and disbursements incurred, as set forth in the C.B.A. and as mandated by Section 502(g)(2)(D) of ERISA (29 U.S.C. Section 1132(g)(2)(D));

As and For the Third Claim for Relief:

(c) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action, which amount shall include the principle plus interest and liquidated damages.

Dated: Hempstead, NY
         August 10, 2016

Respectfully submitted,

By: _____/s_____
        Thailary Lim, Esq.
BARNES, IACCARINO & SHEPHERD LLP
Attorneys for Plaintiffs
3 Surrey Lane
Hempstead, NY 11550
T. 516-483-2990
F. 516-483-0566